IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK I. ONESKO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>THE ATTORNEY GENERAL OF )<br>THE STATE OF PENNSYLVANIA, )<br>PENNSYLVANIA BOARD OF )<br>PROBATION AND PAROLE, and )<br>DISTRICT ATTORNEY OF )<br>ALLEGHENY COUNTY, )<br>)<br>Respondents. ) | Civil Action No. 2:23-cv-413<br><br>Magistrate Judge Patricia L. Dodge |

## MEMORANDUM

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF No. 1) filed by Patrick I. Onesko ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges the judgments of sentences imposed on him by the Court of Common Pleas of Allegheny County at criminal docket number CP-02-CR-5351-2017. For the reasons below, the Court will deny the petition and will deny a certificate of appealability.

**I.   Relevant Background**

   A.   Original sentence

Petitioner was convicted at a jury trial of one count each of criminal solicitation to commit involuntary deviate sexual intercourse and unlawful contact with a minor, and two counts of corruption of minors. On March 1, 2018, Petitioner was sentenced to an aggregate term of

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

imprisonment for one year (less one day) to two years (less one day), followed by five years' probation.

Petitioner appealed his judgment of sentence, but the Superior Court of Pennsylvania affirmed his judgment of sentence on July 3, 2019. *Commonwealth v. Onesko*, 220 A.3d 633 (Pa. Super. 2019) (unpublished memorandum). Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania which was denied on January 2, 2020. *Commonwealth v. Onesko*, 222 A.3d 1124 (Pa. 2020). Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States. Thus, his original judgment of sentence became final under both state and federal law on or around June 1, 2020, when the time for him to file a petition for a writ of certiorari expired. Sup. Ct. R. 13 (time for petitioning);[2] 1 Pa.C.S. § 1908 (omitting from computation of time period the last day where that day is a weekend or holiday); Fed. R. Civ. P. 6(a)(1)(C) (same); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

On December 31, 2020, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, claiming therein that his trial counsel was ineffective in failing to advise him regarding a plea offer. After an evidentiary hearing, the trial/PCRA court dismissed the PCRA petition on September 20, 2021. Petitioner filed an appeal from the dismissal. The Superior Court of Pennsylvania affirmed the dismissal of the PCRA petition on May 27, 2022. *Commonwealth v. Onesko*, 279 A.3d 1290 (Pa. Super. 2022) (unpublished memorandum).

---

[2] At the relevant time, the Supreme Court had extended its usual 90-day deadline to 150 days due to the COVID-19 pandemic.

B. <u>Events after probation revocation</u>

While the above events were proceeding, Petitioner's case was also moving on a parallel track. On June 6, 2018, and January 2, 2019, Petitioner appeared before the trial court for probation violation hearings. Following the January 2, 2019, hearing, Petitioner's probation was revoked, and he was resentenced to an aggregate term of imprisonment of three to six years with a consecutive term of four years' probation. Petitioner appealed, but the appeal was discontinued on July 29, 2019. His new judgment of sentence became final on that date.

On April 1, 2020, Petitioner filed a PCRA petition concerning revocation-related claims. Following an evidentiary hearing, the trial/PCRA court dismissed the petition. Petitioner appealed the dismissal, but the Superior Court affirmed the PCRA court. *Commonwealth v. Onesko*, 262 A.3d 547 (Pa. Super. 2021) (unpublished memorandum). Petitioner filed a petition for allowance of appeal which the Supreme Court denied on December 22, 2021. *Commonwealth v. Onesko*, 269 A.3d 1231 (Pa. 2021).

C. <u>Habeas petition</u>

Petitioner filed the instant petition for writ of habeas corpus on March 10, 2023. (ECF No. 1.) In his petition, he raises the following grounds for relief: insufficient evidence supporting his convictions (Ground One); and ineffective assistance of counsel at trial and at his probation revocation proceeding (Ground Two). As to the timeliness of his petition, he asserts that it was filed "within one year time limit." (*Id.* at 13.) Petitioner also filed a brief in support of the petition. (ECF No. 6.)[3]

Respondents filed an answer, (ECF Nos. 15-18), asserting, among other things, that all of Petitioner's claims are time-barred under the applicable one-year statute of limitations, which was

---

[3] In this brief, only the trial-related claims are discussed.

3

enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner did not file a reply. The petition is ripe for review.

**II.     Discussion**

    A.     Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

    B.     Statute of limitations

        1.     Legal considerations

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). AEDPA's one-year statute of limitations is codified at 28 U.S.C. § 2244(d). The date on which AEDPA's limitations period commences is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004).

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance'... In other words, until the application has achieved

final resolution through the State's post-conviction procedures[.]" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

        2.        Trial-related claims

In this case, the statute of limitations for Petitioner's claims concerning his trial (Ground One and the portion of Ground Two concerning his trial counsel) began to run on the date his original judgment of sentence became final, in accordance with § 2244(d)(1)(A). As discussed above, that judgment of sentence became final on around June 1, 2020. The one-year limitations period for Petitioner's trial-related claims began to run on that date.

Petitioner filed his first PCRA petition on December 31, 2020, on which date 214 days of the limitations period had run. Under § 2244(d)(2), this first PCRA proceeding statutorily tolled ADEPA's limitations period from December 31, 2020, until June 27, 2022, the deadline for filing a timely request for allowance of appeal in the Pennsylvania Supreme Court. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000) (holding that a PCRA petition is "pending" during the time between the Pennsylvania Superior Court's ruling and the expiration of time for seeking allowance of appeal from the Pennsylvania Supreme Court even if no timely request for allowance of appeal was filed); 1 Pa.C.S. § 1908 (omitting from computation of time period the last day where that day is a weekend or holiday); Pa.R.A.P. 1113(a) (providing 30-day time period for filing petition for allowance of appeal after entry of Superior Court order).

Petitioner did not file a request for allowance of appeal in the Pennsylvania Supreme Court by June 27, 2022. Therefore, AEDPA's limitations period began to run again the next day, on June 28, 2022. At that point, Petitioner had 151 more days—until on or around November 27, 2022—

to file timely trial-related claims in a federal habeas petition. As explained above, the instant petition was filed on March 10, 2023, 256 days later.[4] Thus, these habeas claims are untimely.

### 3. Revocation-related claim

For the portion of Ground Two related to the ineffectiveness of his probation revocation counsel, the statute of limitations began to run on the date his new judgment of sentence became final, in accordance with § 2244(d)(1)(A). As discussed above, Petitioner's new judgment of sentence became final on July 29, 2019, when he discontinued his appeal therefrom. The one-year limitations period for this claim began to run on that date.

Petitioner filed a PCRA petition related to his revocation on April 1, 2020, 247 days later. Under § 2244(d)(2), this PCRA proceeding statutorily tolled ADEPA's limitations period from April 1, 2020, until December 22, 2021, the date the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) (a petitioner is not entitled to statutory tolling for the period available to petition for writ of certiorari to the United States Supreme Court following state collateral review); *Swartz*, 204 F.3d at 419-20 (same).

AEDPA's limitations period began to run again the next day, on December 23, 2021. At that point, Petitioner had 118 more days—until on or around April 20, 2022—to file timely revocation-related claims in a federal habeas petition. As explained above, the instant petition was not filed until March 10, 2023. Thus, these habeas claims are untimely.

---

[4] The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Petitioner does not argue that he is entitled to equitable tolling, nor has he directed the Court to anything in the record to support a determination that equitable tolling would be appropriate in this case.

**III.   Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Thus, a certificate of appealability will be denied with respect to his claims.

**IV.   Conclusion**

For these reasons, the Court will deny the petition because the federal habeas claims asserted in it are time-barred and will deny a certificate of appealability.

An appropriate Order follows.


Date:   April 25, 2024                                  /s/ Patricia L. Dodge
                                                        PATRICIA L. DODGE
                                                        United States Magistrate Judge